Zimmerman, J.
 

 Since this cause is now here on its merits, the first and most important question engaging our attention is whether the defendant’s employee was a licensee or trespasser as a matter of law, or whether his status is a mixed question of law and fact and should be left to the determination of a jury under instructions from the court.
 

 A “trespasser” may be defined as one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for bis own purposes or convenience; and where no mutuality of interest exists between him and the owner or occupant.
 
 Heller
 
 v.
 
 New York, N. H. & H. Rd. Co.
 
 (C. C. A. 2), 265 F., 192, 194, 17 A. L. R., 823.
 

 According to several holdings, a “licensee” is one who stands in no contractual relationship to the owner or occupier of premises, but is permitted or tolerated thereon, expressly, impliedly or inferentially, merely for his own interest, convenience or pleasure or for that of a third person.
 
 Foley
 
 v.
 
 H. F. Farnham Co.,
 
 135 Me., 29, 188 A., 708;
 
 Schock
 
 v.
 
 Ringling Bros. and Barnum & Bailey Combined Shows,
 
 5 Wash. (2d), 599, 105 P. (2d), 838.
 

 
 *167
 
 Whether one is a trespasser or a licensee is often difficult to determine and frequently turns upon the peculiar circumstances connected with the particular entry.
 

 In the pending litigation there is no dispute that the porch was enclosed. The evidence tends strongly to show that the porch contained furniture and that the door leading into it was shut. Moreover, the advent of any deliveryman from the McKelvey store was not anticipated by the Keeseckers during the afternoon in ■controversy.
 

 On -the other hand, in this day and age it is a matter of general knowledge that deliverymen, tradespeople and others having business or prospective business with the occupants of a private dwelling, or being in ■quest of information, commonly call at the front door. In the present case the porch door was unlocked, there was no warning to stay out, a doorbell was located beside the inside door, and the deliveryman was of the honest belief that the package he carried, was to be left at the Keesecker residence.
 

 Therefore, was the deliveryman guilty of an unauthorized or unlawful intrusion onto the porch, making him a trespasser, or was he confronted by appearances which would justify him in inferring that the owner or •occupant had given tacit or implied assent to persons in a similar position to his to enter upon the porch and ■go to the other door for ordinary transactions, thus placing them in the category of licensees?
 

 The rule is well established in this state that when the uncontradicted evidence discloses circumstances from which different minds may reasonably draw different conclusions, one favorable and the other unfavorable to the claim of a party, the evidence should be submitted to the jury under pertinent instructions. 39 Ohio Jurisprudence, 807, Section 186;
 
 Nelson Business College Co.
 
 v.
 
 Lloyd,
 
 60 Ohio St., 448, 54 N. E.,
 
 *168
 
 471, 46 L. R. A., 314, 71 Am. St. Rep., 729, 6 Am. Neg. Rep., 369;
 
 Hickman
 
 v.
 
 Ohio State Life Ins. Co.,
 
 92 Ohio St., 87, 110 N. E., 542;
 
 Vignola
 
 v.
 
 New York Central Rd. Co.,
 
 102 Ohio St., 194, 131 N. E., 357;
 
 Pence
 
 v.
 
 Kettering,
 
 128 Ohio St., 52, 190 N. E., 216.
 

 It seems to us that in a situation of the kind before us the question of trespass or license is one for the triers of the facts. 63 Corpus Juris, 1029, Section 218;
 
 Gratz
 
 v.
 
 McKee
 
 (C. C. A. 8), 9 F. (2d), 593, 596
 
 (Certiorari
 
 denied, 270 U. S., 664, 70 L. Ed., 788, 46 S. Ct., 472);
 
 Katsonas
 
 v.
 
 W. M. Sutherland Bldg. & Contracting Co.,
 
 104 Conn., 54, 132 A., 553;
 
 Connell, Admr.,
 
 v.
 
 Keokuk Electric Ry. & Power Co.,
 
 131 Iowa, 622, 109 N. W., 177;
 
 Everett
 
 v.
 
 Salsbury,
 
 214 N. C., 819, 198 S. E., 663;
 
 Childers
 
 v.
 
 Judson Mills Store Co.,
 
 189 S. C., 224, 200 S. E., 770.
 

 If a jury should find the defendant’s employee was a licensee, its verdict would be for the defendant under the pleadings; if it should find him a trespasser and that his trespass was a proxinmtp cause of the plaintiff’s injuries, then the plaintiff should prevail and would be entitled to recover such damages as were suf\fered as a direct result of the fall.
 

 ' Plaintiff insists that she had a right to go to the jury on the issue of negligence, as originally pleaded, and that this court should now go back and affirm the judgment of the Court of Common Pleas as rendered on the first trial of the action. In view of what has transpired, it may have been that the court ought to have admitted the case on the initial motion to certify; but it did not, and the only judgment now before us for consideration is the one rendered by the Court of Appeals on its last review of the cause, based on the record before it.
 

 While a case in this court on its merits is here for determination on all questions presented by the record
 
 (Chicago Ornamental Iron Co.
 
 v.
 
 Rook, Admr.,
 
 93 Ohio
 
 *169
 
 St., 152, 112 N. E., 589;
 
 Pettibone
 
 v.
 
 McKinnon,
 
 125 Ohio St., 605, 183 N. E., 786), only the particular order of judgment appealed from may properly be reviewed.
 
 Goode
 
 v.
 
 Wiggins,
 
 12 Ohio St., 341, 343; 2 Ohio Jurisprudence, 611, Section 569.
 

 When, after the first judgment of the Court of Appeals, plaintiff abandoned negligence as a ground for recovery by amending her petition and elected to rely upon trespass, negligence was out of the case. The fact that this court overruled the motions to certify did not necessarily imply that it approved the judgments of the Court of Appeals. It should be understood that the overruling of a motion to certify the record does not constitute an affirmance of the judgment of the Court of Appeals, but is indicative that the court does not consider the controversy one of public or great general interest within the meaning of Sections 2 and 6, Article IY of the Constitution of Ohio.
 

 From what has been said, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart and Turner, JJ., concur.
 

 Bell, J., concurs in paragraph three of the syllabus and in the judgment, but dissents from paragraphs one and two of the syllabus.
 

 Williams, J., concurs in paragraphs two and three of the syllabus, but dissents from the judgment upon the ground that the defendant committed' a trespass as a matter of law.