OPINION
{¶ 1} Plaintiff-appellant Myron B. Coleman appeals from a summary judgment rendered in favor of defendant-appellee Korrect Plumbing, Inc., on Coleman's cause of action for negligence. Coleman contends that summary judgment was improperly rendered in this case because there are genuine issues of material fact, namely whether Korrect Plumbing had knowledge of the hazard it had created and whether Korrect Plumbing breached its duty to the public using the roadway where the hazard lay. We conclude that even when the evidence is viewed in a light most favorable to Coleman, a reasonable mind could only conclude that Korrect Plumbing lacked knowledge of the hazard in the roadway and therefore did not breach a duty to the public. Accordingly, we conclude that the trial court did not err when it rendered summary judgment.
 I {¶ 2} In October, 2002, Korrect Plumbing began a sewer tie-in project for a local residence. In completing this project, Korrect Plumbing, through its employee Dan Puderbaugh, and an independent contractor, Tom Spatz, cut a hole in the roadway approximately three feet by seven feet. Before leaving the work site at 5:00 p.m., Puderbaugh and Spatz filled the hole with a stabilized backfill until the hole was approximately eight inches deep, and then covered the hole with two 3/4 inch steel plates. Puderbaugh also indicated that each steel plate was four feet by ten feet and required a backhoe to be placed over the hole. The hole was completely covered when Puderbaugh and Spatz left the site.
 {¶ 3} Later that evening, at about 10:30 p.m., Coleman was traveling eastbound on Little Richmond Road in Dayton, in the right-hand, curb lane. Coleman alleged that he drove over the hole Korrect Plumbing made earlier that day. Coleman indicated that the hole was not covered by the metal plates and that he drove his vehicle over the hole inadvertently. As a result, Coleman was physically injured, and his vehicle suffered severe damage.
 {¶ 4} When Puderbaugh arrived at the work site the following day, the plates completely covered the hole. At approximately 8:30 a.m., Coleman approached Puderbaugh at the work site and indicated that he had driven into the hole the previous evening and that the plates were not covering the hole at that time. This was the first time anyone had reported to a representative of Korrect Plumbing that the plates had shifted during the night.
 {¶ 5} Coleman filed a complaint against Korrect Plumbing, alleging that Korrect Plumbing acted negligently by creating a hazard in the public roadway. Coleman argues that the hazard Korrect Plumbing created was the hole that it failed to adequately cover. Alternatively, Coleman argues that if the metal plates were the hazard, then Korrect Plumbing had constructive knowledge that the plates would shift due to swiftly moving traffic on the road. Coleman argues that Korrect Plumbing was negligent by failing to put the public on notice of the hazard by failing to erect signs, signals, barriers, or in some other fashion denote the hole's presence.
 {¶ 6} Korrect Plumbing moved for summary judgment, arguing that Korrect Plumbing did not negligently create a hazard by creating the hole in the roadway. Korrect Plumbing argued that the plates could more accurately be construed as the hazard in the road. However, Korrect Plumbing also argued that it did not act negligently by placing the plates in the roadway, because in the company's and in the workers' experience, similar metal plates had never previously shifted in a way that would create a risk to drivers.
 {¶ 7} Korrect Plumbing asserted that it had no actual or constructive knowledge of the potential for the plates to move, and that using metal plates to cover a hole in a roadway is a common and well-accepted industry practice. Korrect Plumbing's Vice President, Dave Puderbaugh, testified at his deposition that in his 35 years with Korrect Plumbing, he had never encountered a problem using the steel plates to cover similar holes. Dave Puderbaugh further testified that there is no feasible way to secure the plates to the road, and that Korrect Plumbing never considered attempting to fasten the plates to the road, because the plates are so heavy that they must be moved by heavy machinery, and that it is unlikely that they could be moved by general traffic. Dave Puderbaugh did admit that there was a possibility that the steel plates were shifted by speeding traffic, but he testified that this possibility seemed doubtful. Likewise, Dan Puderbaugh indicated in his affidavit that in his 15 years experience as a plumber, he had used steel plates approximately 25-50 times without incident.
 {¶ 8} Coleman filed his own motion for summary judgment, asserting that there existed no issue of material fact from which it could be argued that Korrect Plumbing was not negligent. Coleman argued that Korrect Plumbing's failure to "properly place" the steel plates, by failing to secure the plates to the roadway or anticipate that the movement of traffic might dislodge them, breached its duty of care to the users of the roadway.
 {¶ 9} The trial court rendered summary judgment in favor of Korrect Plumbing, finding that Korrect Plumbing neither knew, nor had reason to know, that the plates might shift under the weight of traffic, thereby causing a potential risk of injury to motorists. From the summary judgment rendered against him, Coleman appeals.
 II {¶ 10} Coleman's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE KORRECT PLUMBING, INC."
 {¶ 12} An appellate court reviews summary judgment de novo.Cramer v. McCray (Oct. 14, 2005), Mont. App. No. 20791,2005-Ohio-5507, at ¶ 7. Summary judgment is appropriately granted when, looking at the evidence as a whole: (1) there exist no genuine issues as to any material facts; (2) reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party: and (3) the facts demonstrate that the moving party is entitled to judgment as a matter of law. Horton v.Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-687, 1995-Ohio-286, 653 N.E.2d 1196. The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist for a trier of fact to determine. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46. The moving party may successfully meet its burden by showing that the non-moving party's case lacks sufficient evidence to support its claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 289-290, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 13} If the moving party meets its initial burden, the burden then shifts to the non-moving party, under Civ. R. 56(E), to demonstrate the existence of a genuine issue of material fact for trial. Id. If the non-moving party fails in this burden, summary judgment shall be entered for the moving party. Id. If any doubts exist as to the material facts, these doubts must be resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 14} In order to find that a defendant has acted negligently, a plaintiff must prove: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) that the defendant's breach of duty proximately caused injury to the plaintiff. Chambers v. St. Mary's Sch. (1998),82 Ohio St.3d 563, 565, 1998-Ohio-184, 697 N.E.2d 198. Independent contractors who work in and around the roadways have a duty of care to passing motorists. Morris v. Woodburn (1897),57 Ohio St. 330, 48 N.E. 1097. Proof of a party's conformance with custom or usage in a particular trade is not conclusive on the issue of negligence, but may be considered as evidence on the issue of whether the defendant acted within its duty of ordinary care.Kemper v. Builder's Square, Inc. (1996), 109 Ohio App.3d 127,133, 671 N.E.2d 1104, citing Hageman v. Signal L.P. Gas, Inc.486 F.2d 479 (6th Cir. 1973).
 {¶ 15} In order for a defendant to be held to have breached a duty owed to the plaintiff, the potential for injury to someone in plaintiff's situation must have been reasonably foreseeable.Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142,539 N.E.2d 614. Foreseeability depends on the extent of actual or constructive knowledge the defendant has about the situation.Id. Where a negligence question involves a hazard, the defendant must have either actual or constructive knowledge of the dangerous nature of the hazard to have a duty of care to the general public. Heckert v. Patrick (1984), 15 Ohio St.3d 402,405, 473 N.E.2d 1204.
 {¶ 16} The mere creation of a hazard does not automatically impute knowledge of the hazard to its creator. Markel v.Hartsook Contracting Co. (Dec. 4, 1998), Clark App. No. 98-CA-29, ¶ 8. In that case, a contracting company hired to repaint the lines on the side of the road followed the Ohio Department of Transportation (ODOT) guidelines and used quick-dry paint pre-approved by ODOT. Id. at ¶ 3. Unbeknownst to the contractor, the "quick-dry" paint actually took over 40 minutes to dry, far longer than the two minutes promised by the packaging. Id. A motorcyclist who slipped on the wet paint brought an action against the contractor, claiming that the contractor had breached its duty of care by failing to warn motorists that the paint might be wet. Id. at ¶ 4. The motorcyclist alleged that the painted lines were a hazard in and of themselves. Id. We held that the hazard was actually the result of the unusually long drying time rather than an inherent consequence of the painted edge lines. Id. at ¶ 6.
 {¶ 17} In Markel, we held that the contractor had not breached a duty of care, because it could not reasonably have foreseen that motorists might slip on the paint if it did not in fact dry in the manner reasonably expected. Id. at ¶ 8. The contractor had never received any complaints about motorists slipping on freshly painted edge lines. Moreover, the fact that the contractor had followed the ODOT regulations and industry standards further supported a finding that the contractor could not reasonably have foreseen that the motorcyclist, or others similarly situated, would be injured as a result of slipping on the wet paint. Id. We noted in Markel that the motorcyclist had not presented any evidence that the contractor knew, or should have known, that the paint was a dangerous condition on the roadway. Id.
 {¶ 18} This case is similar to Markel in several respects. First, Coleman incorrectly asserts that the hole, rather than the steel plates, was the hazard in the roadway. In Markel, the hazard was the paint's unexpectedly long drying time rather than the existence of the paint itself. Likewise, the hazard in this case resulted from the unexpected shift in the steel plates placed on top of the hole rather than from the existence of the hole itself. Thus, Coleman's crucial allegation was that Korrect Plumbing knew, or should have known, that the steel plates would shift, exposing the hole.
 {¶ 19} Second, Coleman has failed to produce any evidence to support his contention that Korrect Plumbing knew, or should have known, that the steel plates would be a hazard for passing motorists. Coleman relies on Dave Puderbaugh's deposition testimony that vehicles speeding over the plates could possibly have shifted the plates. But Dave Puderbaugh was merely speculating as to how the plates might have shifted, in light of evidence that they did, in fact shift before Coleman drove over the hole. Dave Puderbaugh lacked any direct knowledge of what caused the plates to shift, and had previously testified that at no time during his 35 years with Korrect Plumbing had he encountered steel plates shifting under any circumstances. Without having presented any evidence that Korrect Plumbing knew, or should have known, that the plates would shift, Coleman failed to prove that Korrect Plumbing breached a duty of care owed to the public.
 {¶ 20} Third, Korrect Plumbing has presented evidence that its use of steel plates to cover a hole in the roadway is a standard practice in its industry. We are mindful that evidence of an industry's accepted practice does not, in and of itself, prove that a defendant has acted within its duty of ordinary care. But in light of Coleman's lack of any evidence to the contrary, this evidence of industry practice further demonstrates that Coleman has not met his burden of proving that Korrect Plumbing's actions were negligent.
 {¶ 21} In his oral argument, Coleman contended that there exists an issue of material fact whether the plates were ever placed over the hole at all. Coleman asserts that, because the plates were not covering the hole when Coleman drove over them, a reasonable trier of fact could infer that Dan Puderbaugh and Spatz never actually placed the plates over the hole, as they testified they did. However, Coleman did not make this argument in the trial court. It is a cardinal rule of appellate review that a party cannot assert new legal arguments for the first time on appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629. Arguments that could have been, but were not, properly addressed to the trial court, shall be deemed waived. Id. This is especially important where, as here, the movant might have been able to marshal additional evidence in support of its proposition of fact — here, that the hole was covered by steel plates when Korrect Plumber's workers left the job site for the day — had it been aware that the respondent was asserting a non-obvious contrary inference.
 {¶ 22} Coleman did argue to the trial court that it should infer, from the fact that the hole was uncovered when Coleman encountered it, that it was not covered when Korrect Plumbing's workers left the job site. In Coleman's own motion for summary judgment, he merely asserts that Korrect Plumbing failed to "properly place" the steel plates by failing to secure the plates to the roadway or anticipate that the movement of traffic might dislodge them. This is not the same as arguing that a reasonable trier of fact might infer that, because the plates were not covering the hole when Coleman drove over that part of the road, Korrect Plumbing must have failed to have covered the hole with the plates at all. Because Coleman did not make this argument in the trial court, we decline to consider it for the first time on appeal.
 {¶ 23} Even when the evidence presented in the trial court is viewed in a light most favorable to Coleman, we conclude that there is no genuine issue of material fact, and that Korrect Plumbing is entitled to judgment as a matter of law. Accordingly, Coleman's sole assignment of error is overruled.
 III {¶ 24} Coleman's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Donovan, JJ., concur.