DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeffrey Diesz, appeals from the judgment of the Summit County Court of Common Pleas granting Appellees', AMPCO Systems Parking and Summit County, motions for summary judgment. We affirm.
 I. {¶ 2} On October 1, 2004 at 11:00 p.m., Appellant and two of his friends patronized a local bar. While at the bar, Appellant consumed three to four beers. At 2:00 a.m. on October 2, 2004, Appellant and his friends left the bar. Appellant called another friend of his, Mr. Soni, to give them a ride home. Mr. Soni told Appellant and his friends to meet him in the parking deck. Neither Appellant nor Mr. Soni specified which parking deck. Appellant assumed Mr. Soni meant the parking deck behind the bar, when in actuality Mr. Soni's car was in a parking deck one block south of the bar.
 {¶ 3} Appellant and his friends walked to the parking deck behind the bar and proceeded down a dark alley next to the parking deck. They passed by the first set of doors and entered through the second set of doors. There were no signs on any of the doors indicating the hours of operation.
 {¶ 4} Unbeknownst to the men, the parking garage was closed for general parking patrons at 11:00 p.m. Only monthly tenants were able to enter and exit their vehicles in the parking deck overnight and on Sundays. However, the skywalk connecting various buildings and the parking garage was open to the general public 24 hours a day.[1]
 {¶ 5} Once inside the parking garage, Appellant began looking for Mr. Soni's car, but did not see it. Appellant and his friends then entered the elevator to go to another level of the parking deck. The elevator began to slowly move and then stopped between floors. Appellant and his friends pressed the alarm button, but no one responded to the ringing bell as the parking deck was closed. They also pressed the call button which connected them to an operator at the Sheriff's Office. Unfortunately, Appellant and his friends were unable to describe their location to the operator. The operator accused the men of playing a prank and disconnected the call. At this point, Appellant estimated they had been in the elevator for approximately one hour.
 {¶ 6} Appellant then attempted to find an exit in the ceiling by climbing onto the handrail and pushing on the panels in the ceiling. While standing on the handrails, the elevator jerked and Appellant fell, fracturing his right wrist. They then attempted numerous times to contact the operator again. After approximately another hour, Appellant and his friends were rescued from the elevator.
 {¶ 7} As a result of this incident, Appellant filed a complaint against Appellees alleging negligence. After conducting discovery and depositions, both Appellees filed motions for summary judgment. Appellees alleged there was no genuine issue of material fact as Appellant was a trespasser and Appellees did not breach their duty of care due to a trespasser. Appellant filed a brief in opposition. The trial court granted Appellees' motions for summary judgment by finding Appellant to be a trespasser and Appellees had refrained from willful, wanton and reckless conduct.
 {¶ 8} Appellant timely appealed, asserting three assignments of error for our review. For ease of review, we will combine assignments of error one and three.
 II. A. First Assignment of Error "THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT THE PLAINTIFF-APPELLANT WAS A TRESPASSER UPON THE PROPERTY OWNED AND OPERATED BY DEFENDANT[S]-APPELLEES."
 Third Assignment of Error "THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT[S]-APPELLEES DID NOT OWE THE PLAINTIFF-APPELLANT THE DUTY OF CARE OWED TO PASSENGERS ON A COMMON CARRIER."
 {¶ 9} In his first assignment of error, Appellant alleges the trial court erred as a matter of law as to Appellant's status while on Appellees' property. As to the third assignment of error, Appellant argues that the trial court erred in finding that the duty of care owed to passengers on a common carrier did not apply to Appellant. We disagree with both of Appellant's contentions.
 {¶ 10} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
1. Business Invitee v. Trespasser
 {¶ 11} In his complaint at the trial court, Appellant asserted a cause of action in negligence. It is well accepted that, to establish a cause of action in negligence, a plaintiff must show, "(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 8, citing Menifee v. Ohio Welding Prod, Inc., (1984), 15 Ohio St.3d 75, 77. The parties are in agreement as to the facts of the case. The issues in this case are Appellant's status as either a trespasser or invitee and the duty of care due to Appellant from Appellees. The existence of a duty and a person's legal status are questions of law for the court to decide. Williams v. Garcias (Feb. 7, 2001), 9th Dist. No. 20053, at *2; Kirschnick v. Estate of Jilovec (Aug. 31, 1995), 8th Dist. No. 68037, at *1.
 {¶ 12} In cases of premises liability, Ohio follows the three common-law classifications of invitee, licensee, and trespasser.Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315. The status of the entrant as an invitee, licensee or trespasser determines the duty owed by the property owner to the entrant. Id. A landowner owes an invitee the duty of ordinary care to maintain the premise in a safe condition. Light v. Ohio Univ. (1986),28 Ohio St.3d 66, 68. Conversely, a landowner owes no duty to a trespasser other than to refrain from willful, wanton or reckless conduct which is likely to injure him. Gladon, 75 Ohio St.3d at 317.
 {¶ 13} The Supreme Court of Ohio has stated that "[business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."Light, 28 Ohio St.3d at 68. Whereas, "[a] trespasser is a person who enters the premises of another without license, invitation or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent purpose, other than, perhaps, to satisfy his curiosity." Mima v. Akron (1986),31 Ohio App.3d 124, 126. A person is a trespasser regardless of his intent not to trespass or his mistaken belief that he is not trespassing.Gladon, 75 Ohio St.3d at 316; Buttermore v. Thompson (June 22, 1992), 5th Dist. No. CA 8754, at *2.
 {¶ 14} The main distinction between business invitees and trespassers is the determination of who is benefiting from the visitor's presence.Mosley v. Quaker Square Mgt, Inc. (Jan. 24, 1996), 9th Dist. No. 17281, at *3. Contrary to Appellant's position, in order to be a business invitee the owner of the premises must receive some type of a benefit.Provencher v. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266. The Ohio Supreme Court reiterated that "[t]he economic (or tangible) benefit test has long been recognized in this court in order to distinguish the status of an invitee from that of a licensee." Id. In order to be elevated to invitee status "the visit may reasonably be said to confer or anticipate a business, commercial, monetary, or other tangible benefit to the occupant." Id. at 266, fn. 1, quoting Socha v.Passino (1981) 105 Mich.App. 445, 447-48. However, if the benefit conferred is too remote, then the visitor cannot be an invitee. SeeCarpenter v. Columbus Motor Lodge, Inc. (1990), 67 Ohio App. 3d 589,594.
 {¶ 15} Appellant argues that a visitor does not need to confer a direct economic benefit upon the landowner in order to be an invitee. In support of his position, Appellant relies upon Bowins v. Euclid Gen.Hosp. Assn. (1984), 20 Ohio App.3d 29, in which the Eighth District Court of Appeals reversed the trial court's finding that a person visiting a patient at a hospital is a licensee. Id. at 31. Appellant contends that a person visiting a patient in the hospital is an invitee even though he "do[es] not necessarily provide a direct, tangible benefit to the hospital." However in Bowins, the court held that visitors at a hospital are invitees because the purpose of visiting a patient provides a "mutual advantage [for] the patient, the visitorand the hospital." (Emphasis added.) Id. at 30. Additionally, the court pointed out that hospitals have gift and flower shops and parking lots available for visitor use. Id. Thus, there is the opportunity for a hospital visitor to confer a direct economic benefit to the hospital, similar to a shopper browsing in a store.
 {¶ 16} Appellant also relies upon the municipal court case, Martin v.Konstam (1992), 62 Ohio Misc.2d 507, for the proposition that the landowner does not need to derive a direct benefit in order for a visitor to be an invitee. In Martin, the tenant's guests entered the elevator in the apartment building and were injured when the elevator malfunctioned. Id. at 508. The elevator was in the common areas of the building and under the control of the landlord. Id. The trial court held that the guests of the apartment tenant were business invitees of the landlord. Id. at 511.
 {¶ 17} Both Martin and Bowins are distinguishable from the instant case on one important fact: neither Appellant, nor Mr. Soni were tenants of Appellees. In Martin, the guests were visiting a tenant of the building, while in Bowins the visitor was at the hospital to see a patient. In the instant case, Mr. Soni and his car were not in Appellees' parking deck, nor was it possible for Mr. Soni to enter the parking deck as it was closed to the general public. Only monthly pass holders were able to enter the garage after hours and Mr. Soni was not a monthly pass holder. Accordingly, Mr. Soni was not a tenant of Appellees. As Mr. Soni was not a tenant, Appellant cannot be an invitee based on his intention to visit a tenant of the parking garage. SeeMartin and Bowins, supra.
 {¶ 18} Appellant's position that he conferred an indirect benefit to Appellees as a would be passenger in a car is also flawed by the fact that Appellant was in the wrong parking garage. Appellant was in Appellees' parking garage with the intent to get a ride from Mr. Soni. However, Appellant had entered the wrong parking garage. As noted above, the parking garage was closed and Mr. Soni was not inside the parking garage or able to access the parking garage with his car. Thus, Mr. Soni was not a paying customer and conferred no benefit to Appellees. Based on the facts, it was physically impossible for Appellant to get a ride from Mr. Soni. Thus, Appellant was not able to confer an indirect benefit as a passenger to Appellees. Accordingly, Appellees received no benefit from either Appellant or Mr. Soni. Based on the lack of any benefit to Appellees, Appellant is not an invitee. SeeProvencher, supra.
 {¶ 19} Instead, Appellant is a trespasser as he was in the parking garage without any purpose. See Mima, supra. We find Appellant had no purpose to be in the parking garage based on the fact that it was impossible for him to enter a car that was not present, nor had access to the parking garage. While Appellant may have mistakenly entered the wrong parking garage, that does not change the fact that he was a trespasser. See Buttermore, supra.
 {¶ 20} Additionally, we do not find that Appellant had a license, invitation, or other right to be on Appellees' premise. Appellant walked down a dark alley, passed by one set of unmarked doors and entered the parking garage through the second set of unmarked doors. While the doors were unlocked and there were lights on inside, there was no indication on the doors as to where they would lead. Additionally, Appellant admitted he was unfamiliar with his surroundings and did not know where he was located. Further, Mr. Soni's vehicle was not in Appellees' parking garage, nor did Appellant have a vehicle parked in the garage.
 {¶ 21} Appellant attempts to counter these facts by pointing out that the skywalk was open to the public and provided access to the parking garage, thus making Appellant a licensee with the ability to be reclassified to an invitee. To support this position, Appellant relies upon Brown v. Baltimore Ohio RR. Co. (S.D. Ohio 1992),810 F.Supp. 223, which specifically addressed the situation of persons routinely crossing railroad tracks being classified as invitees instead of licensees. Id. at 226. We decline to address this sub-argument as Appellant did not address the issue of a licensee being reclassified as an invitee at the trial level. Additionally, the trial brief only addressed the issue of Appellant being an invitee or trespasser. Appellant did not present any arguments at the trial level regarding the status of licensee and thus such arguments are waived on appeal. SeeColeman v. Korrect Plumbing, Inc., 2d Dist. No. 21355, 2006-Ohio-1579, at ¶ 21; Akron ex rel. Christman-Resch v. Akron, 159 Ohio App.3d 673,2005-Ohio-715, at ¶ 36. Accordingly, we will disregard all of Appellant's arguments addressing licensee status.
 {¶ 22} Despite the caption of Appellant's assignment of error, Appellant includes a sub-argument that there was an issue of fact as to whether or not there was an express or implied invitation to enter the parking garage based on the doors being unlocked and the lights turned on. Appellant improperly relies on one case, Keesecker v. G.M. McKelveyCo. (1943), 141 Ohio St. 162, to support his proposition that express or implied invitation is a question of fact for the jury, thus making the status of trespasser or licensee a question of fact. Id. at paragraph one of the syllabus. While Appellant correctly quoted paragraph one of the syllabus in Keesecker, a closer reading of the facts reveal thatKeesecker is not dispositive in this matter as the facts are distinguishable.
 {¶ 23} In Keesecker, a deliveryman entered plaintiff's screened porch and advanced to the main door to deliver a package. Id. at 163. However, the deliveryman had mistakenly gone to the wrong home to make the delivery. Id. Unbeknownst to the deliveryman, a five year old mentally handicapped girl was playing inside the screened porch by herself. Id. While the deliveryman was attempting to deliver the package, the young girl fell out of the porch entryway and sustained injuries. Id. at 164. The young girl's family brought trespass and negligence actions against the deliveryman for the injuries sustained by the girl. Id. The Ohio Supreme Court determined that the status of trespasser or licensee was an issue of material fact because the status of the deliveryman was determinative of his liability. Id. at 168.
 {¶ 24} Keesecker is distinguishable on two points. First, the facts and law in Keesecker are the inverse of the instant case. InKeesecker, the issue is what liability attaches to a trespasser or licensee who injures a landowner, thus the status of trespasser or licensee is a question of fact. Whereas this matter concerns Appellant's legal status and the duty of the landowner to Appellant, which are matters of law. See Williams, supra. Secondly, we note that inKeesecker the trespasser injured a third party. While in the instant case, Appellant, who is a trespasser, sustained the injuries. Based upon the above, we do not find Keesecker to be dispositive as it is distinguishable upon the facts.
 {¶ 25} Appellant did not provide any other case law in support of this argument. Therefore, we decline to address this sub-argument as Appellant has failed his burden of affirmatively demonstrating the error on appeal and substantiating his arguments with legal support. App.R. 16(A)(7); Loc.R. 7(A)(7). See Figley v. Corp, 9th Dist. No. 04CA0054,2005-Ohio-2566, at ¶ 8. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists. State v. Tanner, 9th Dist. No. 04CA0062-M, 2005-Ohio-998, at ¶ 24; Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40; Klausman v. Klausman, 9th Dist. No. 21718, 2004-Ohio-3410, at ¶ 29.
 {¶ 26} Lastly, Appellant argues in the alternative that he was a public invitee. He adamantly asserts that public invitee status is recognized in Ohio. Contrary to Appellant's position, Ohio does not recognize the status of public invitee as it contradicts the benefit analysis applied to invitee status. Provencher, 49 Ohio St.3d at 267. See, also, Williams v. 312 Walnut Ltd. Partnership (Dec. 31, 1996), 1st Dist. No. C-960368, at *3, fn. 6; Quinn v. Montgomery Cty. Edn. Serv.Ctr., 2d Dist. No. 20596, 2005-Ohio-808, at ¶ 14; Verbyla v. Put-in-BayTransp., Inc. (Aug. 12, 1994), 6th Dist. No. 94OT007, at *2; Yonut v.Salemi, 10th Dist. No. 05AP-1094, 2006-Ohio-2744, at ¶ 13; Heston v.Gallucci (Sept. 25, 1998), 11th Dist. No. 97-G-2101, at *1, fn. 1;Souther v. Preble Cty. Dist. Library, 12th Dist. No. CA2005-04-006,2006-Ohio-1893, at ¶ 16. Accordingly, Appellant's public invitee argument fails as a matter of law.
 {¶ 27} Based on the undisputed facts in this case, we find that the trial court did not err as a matter of law in holding Appellant to be a trespasser. Appellant's first assignment of error is overruled.
2. Common Carrier
 {¶ 28} Passenger elevators are considered common carriers. Norman v.Thomas Emery's Sons, Inc. (1966), 7 Ohio App.2d 41, 43, abrogation on other grounds recognized by Sant v. Hines Interests Ltd.Partnership, 10th Dist. No. 05AP-586, 2005-Ohio-6640, at ¶ 17-18. A common carrier, such as the owner of a passenger elevator, owes its passengers "the highest degree of care of which the situation is reasonably susceptible." Id. See, also, Dietrich v. The CommunityTraction Co. (1964), 1 Ohio St.2d 38, paragraph one of the syllabus.
 {¶ 29} Appellant relies upon Bodley v. U.S. Air, Inc. (Dec. 9, 1997), 10th Dist. No. 97APE03-430, for the proposition that regardless of one's status as an invitee or trespasser, all passengers on an elevator are due the common carrier duty of care. However, Bodley does not support Appellant's proposition. Instead, Bodley addresses the application of the common carrier duty to those who have been invited to use the common carrier. Id. at *1. It is this aspect that distinguishes Bodley from the instant case. The plaintiff in Bodley was specifically designated as an invitee, whereas we have deemed Appellant to be a trespasser.[2] Id. Accordingly, we do not find Bodley applicable in this case.
 {¶ 30} As Appellees point out, it would be counterintuitive to claim a trespasser who is only afforded the duty to refrain from willful, wanton or reckless conduct, to be accorded the highest duty of care merely because the trespasser entered an elevator. Accordingly, we hold that an owner of a passenger elevator only owes a trespasser a duty to refrain from willful, wanton or reckless conduct. Hinds v. The E.P. BreckenridgeCo. (1898), 8 Ohio CD. 231, at *3. See, The B. O. S W. RR. Co. v. RR.Co. (1893), 3 Ohio Dec. 687, at *1.
 {¶ 31} Appellant's third assignment of error is overruled.
 B Second Assignment of Error "THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT, AT [A] MINIMUM, PLAINTIFF-APPELLANT WAS A `DISCOVERED TRESPASSER' UPON DEFENDANTS-APPELLEES' PREMISES."
 {¶ 32} Appellant's second assignment of error alleges that trial court failed to consider Appellant's status as a discovered trespasser once he was trapped inside the elevator calling for help. We deem this issue waived and decline to address the merits of Appellant's second assignment of error.
 {¶ 33} It is a well established rule that new legal arguments may not be presented for the first time on appeal. Coleman at ¶ 21. Upon our review of the trial court record, we are unable to find any argument by Appellant regarding discovered trespassers and the duty owed in that situation. Accordingly, Appellant's failure to raise the issue of a discovered trespasser at the trial court resulted in a waiver of the issue for appeal. See Christman-Resch at ¶ 36.
 {¶ 34} Accordingly, we do not reach the merits and decline to address Appellant's second assignment of error.
 III. {¶ 35} Appellant's first and third assignments of error are overruled and the second assignment of error is waived. The judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J., CONCURS
[1] We note that Appellant did not enter the parking deck via the skywalk.
[2] We note that Appellant quoted a passage from Bodley, but conveniently left out the sentence (without any indication that the sentence was omitted) wherein the plaintiff was found to be an invitee.