[Cite as *State v. Covey*, 2022-Ohio-2286.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Oregon                          Court of Appeals No.  L-21-1043

      Appellee                                          Trial Court No.  20CRB008780101

v.

Opal Covey                                            **DECISION AND JUDGMENT**

      Appellant                                         Decided:  June 30, 2022

* * * * *

Melissa M. Purpura, City of Oregon Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 23, 2021 judgment of the Oregon

Municipal Court, convicting appellant on one count of criminal trespass, in violation of

R.C. 2911.21(A), a misdemeanor of the fourth degree.

{¶ 2} This case arises from appellant's September 4, 2020 entry and remainder upon the premises of the Oregon Menards store ("Menards"), in contravention of a July 5, 2020 notice of trespass and directive not to return to the premises, issued to appellant by store management and Oregon police officers.

{¶ 3} The July 5, 2020 notice of trespass was issued by Menards in response to disruptive conduct by appellant towards other store customers, which triggered multiple complaints to Menards.

{¶ 4} Following her conviction, appellant was sentenced to a 30-day suspended jail term, one-year of inactive probation, a no contact order with Menards, and the imposition of a fine and court costs. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 5} Appellant, Opal Covey, sets forth the following two assignments of error:

1. The trial court ruling was against the manifest weight of the evidence as she had made a privilege[d] entry into the Menards property.

2. There was not sufficient evidence to convict appellant as she had made a privilege[d] entry into the Menards property.

{¶ 6} The following facts are relevant to this appeal. In November of 2019, approximately one-year prior to the timeframe of the events pertinent to this appeal, appellant purchased and took delivery of insulation from Menards.

2.

**{¶ 7}** On July 5, 2020, approximately nine months later, appellant returned to Menards and engaged in conduct agitating to other customers. Appellant vociferously espoused various personal beliefs, including but not limited to, her staunch opposition to the Covid mask requirements in effect at the time. Appellant directed this commentary at random customers shopping at Menards.

**{¶ 8}** Given the ensuing commotion, management received complaints from multiple upset customers. In an effort to diffuse the matter, employees approached appellant, advised her that she could not engage with other customers in this way, and they requested that she refrain or they would have no choice but to eject her from the premises. Appellant declined to do so. The commotion continued.

**{¶ 9}** A manager next approached appellant and advised her that she needed to immediately discontinue or she would have to leave the premises. Despite another informal opportunity to moderate her conduct, and avoid expulsion, appellant again declined to do so. The commotion continued.

**{¶ 10}** After appellant's conduct persisted following the second warning, the manager returned to appellant and advised her that she was no longer welcome in the store and she needed to leave. Appellant responded, "Go to hell." The Oregon Police Department was then called by Menards to address the situation.

**{¶ 11}** The responding Oregon police officers advised appellant that due to her disruptive conduct she needed to leave and not return to Menards. Paperwork that had

3.

been prepared in the interim, entitled "TRESPASS NOTICE", specifically identifying appellant and barring her from the premises, was explained and presented to appellant.

{¶ 12} In addition, appellant was verbally notified by both management and the responding officers to depart the premises and not to return.

{¶ 13} On September 4, 2020, several months after the July incident and contrary to the notice of trespass, appellant returned to Menards. In an apparent attempt to legitimize her return, appellant had on her person a November 2019 receipt from a purchase occurring the prior year.

{¶ 14} On September 4, 2020, Menards' facial recognition software flagged appellant's unlawful presence on the premises. This triggered an automated electronic notification of the issue to management.

{¶ 15} In response, the on-duty loss prevention manager located appellant and instructed her to leave the store due to her prior notice of trespass on July 5, 2020. Despite being afforded another opportunity to informally resolve the matter, appellant refused to leave and suggested that the police be contacted.

{¶ 16} Upon their arrival at the scene, the officers instructed appellant to depart the premises. One of the responding officers had also been present during appellant's July incident at the store. Appellant acknowledged to that officer that she was aware that she had been previously told by the police not to return.

{¶ 17} Appellant nevertheless maintained that she had legitimately returned to the premises. Appellant displayed her 2019 receipt, for a completed transaction predating these events.

{¶ 18} Since the 2019 receipt did not negate appellant's September 4, 2020 criminal trespass at Menards, appellant was cited on one count of criminal trespass, in violation of R.C. 2911.11(A), a misdemeanor of the fourth degree.

{¶ 19} The case was continued by the trial court on several occasions at appellant's request. On February 23, 2021, a bench trial was conducted. Detailed testimony was provided by the eyewitness managers and personnel, in addition to the Oregon police officers who responded to the scene on both of the above-detailed 2020 occasions.

{¶ 20} The general manager testified that on September 4, 2020 he was contacted by loss prevention after the facial recognition software utilized at the store alerted that appellant, a person previously issued a trespass notice, had unlawfully returned and entered the lumberyard area.

{¶ 21} The store manager testified that he instructed the loss prevention officer to locate appellant and request that she voluntarily leave the premises, affording appellant another opportunity to informally resolve the matter.

{¶ 22} Appellant refused and requested that the police be called. While awaiting the arrival of the police, the manager testified that he again attempted to cooperatively

5.

resolve the matter with appellant. He asked her to leave the premises. Appellant again refused and restated her request that the police be called.

{¶ 23} The trial court was next presented with testimony from Officers Pettit and Denomy of the Oregon Police Department, both of whom were responding officers, collaborating the above-described events.

{¶ 24} Following the arrival of the police officers, one of whom had also responded to the July incident, appellant was presented with another trespass notice, again banning her from Menards.

{¶ 25} The notice stated, in relevant part, "This notice to you that all locations of Menards Inc. hereby revokes and withdraws any permission or license * * * to enter its building and lot * * * this trespass notice is in effect indefinitely."

{¶ 26} Appellant executed the document and took a copy of it. In conjunction, appellant conceded to the officers her awareness that she had been previously notified to leave and not to return in the course of July incident.

{¶ 27} In addition, appellant testified on her own behalf. While appellant acknowledged being told on July 5, 2020 not to return, she maintained that the 2019 receipt somehow operated to nullify her subsequent September 4, 2020 criminal trespass.

{¶ 28} The crux of the balance of appellant's defense was reflected in her testimony that, "I'm a television – *I'm a very famous person all over the country and all*

6.

*over the world* and nobody knows anything against me * * * *this was a setup*."

(Emphasis added).

{¶ 29} The trial court was not persuaded that appellant's trespass was nullified by the 2019 receipt or was the result of a "set-up." The trial court ultimately stated to appellant, "I don't sense there is any remorse, go ahead and have a seat."

{¶ 30} Appellant was found guilty and was sentenced to a 30-day suspended sentence, inactive probation, a no contact order, and the imposition of a fine and court costs. This appeal ensued.

{¶ 31} In the first assignment of error, appellant asserts that the trespass conviction was against the manifest weight of the evidence. We do not concur.

{¶ 32} R.C. 2911.21(A)(3) establishes, in relevant part, "No person, without privilege to do so, shall * * * recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence, is given by actual communication to the offender."

{¶ 33} In determining whether a disputed conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving any conflicts in the evidence, the trier of fact clearly lost its way causing a manifest miscarriage of justice, such that a reversal is warranted. *State v. Levesque*, 6th Dist.

7.

Lucas No. L-20-1029, 2021-Ohio-27, ¶ 22, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 34} In support of this assignment, appellant argues that she had, "[A] receipt to pick up property that she had already purchased and was legally hers. Hence, she had a privilege to be there."

{¶ 35} The record reflects that on September 4, 2020, there were no items at Menards, in connection to the 2019 receipt or otherwise, awaiting pickup by appellant.

{¶ 36} It is well-established that, "A person is a trespasser regardless of his intent not to trespass or [the] mistaken belief that he is not trespassing." *Diesz v. AMPCO Sys. Parking,* 9th Dist. Summit No. 23235, 2007-Ohio-621, ¶ 13, citing *Gladon v, Greater Cleveland Regional Transit Auth*., 75 Ohio St.3d 312, 662 N.E.2d 287 (1996).

{¶ 37} The record reflects that on July 5, 2020, appellant was given multiple opportunities to peaceably, informally remove herself from Menards following the disruptions to other customers resulting from her conduct.

{¶ 38} Appellant refused to cease and refused to leave, requiring the police to be called to address the matter. Appellant was presented with a notice of trespass, and notified that she needed to depart and not return.

{¶ 39} The record reflects that on September 4, 2020, appellant disregarded the prior notice of trespass and unlawfully returned to the premises. Menards facial recognition software detected her presence and notified store personnel.

8.

{¶ 40} The record reflects that despite being given several additional opportunities to peaceably, informally depart the premises on September 4, 2020, appellant refused and remained on the premises.

{¶ 41} The record reflects that appellant acknowledged to the responding officers on September 4, 2020, her awareness that she had previously been instructed not to return to Menards.

{¶ 42} In the context of these facts and circumstances, appellant's stance that her possession of a 2019 receipt should be construed to shield her from criminal liability for the September 4, 2020 trespass underlying this case is without merit. Appellant's unilateral claim at trial of a "set-up" is likewise without merit.

{¶ 43} In accord with *Diesz* and *Gladdon*, appellant trespassed at Menards regardless of any claimed lack of intent or mistaken belief that her presence was lawful.

{¶ 44} We find that the record is devoid of evidence that the trier of fact lost its way and caused a manifest miscarriage of justice in convicting appellant of criminal trespass.

{¶ 45} Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 46} In appellant's second assignment of error, appellant asserts that there was insufficient evidence in support of the conviction. We do not concur.

{¶ 47} It is well-established that in reviewing a sufficiency of the evidence challenge, we must examine the evidence in the light most favorable to the prosecution

9.

and determine whether the evidence, if believed, could convince a rational trier of fact that the state proved the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E. 2d 216, ¶ 78.

{¶ 48} In support of the second assignment, appellant similarly alleges, "The state failed to prove that [appellant] did not have privilege to be on Menards['] property."

{¶ 49} As discussed in detail above, appellant offers no legal authority in support of the notion that her possession of a 2019 receipt operated to invalidate the subsequent 2020 no trespass orders issued by Menards, communicated to appellant by police officers and management, and culminating in appellant's commission of criminal trespass at Menards upon her return and refusal to leave on September 4, 2020.

{¶ 50} Review of the record reflects that all reasonable inferences, witness credibility issues, and resolution of conflicts in the evidence, weigh in favor of appellee. Appellant's claim of a "set-up" has no support in the record of evidence. The record of evidence is sufficient to convince a rational trier of fact that the essential elements of criminal trespass were proven beyond a reasonable doubt.

{¶ 51} We find that appellant's conviction was supported by sufficient evidence.

{¶ 52} Wherefore, we find appellant's second assignment of error not well-taken.

10.

{¶ 53} On consideration whereof, the judgment of the Oregon Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                            JUDGE

Thomas J. Osowik, J.

_____

Gene A. Zmuda, J.           JUDGE
CONCUR.

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.