JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-Appellants, Vince and Jill Krofta ("Plaintiffs"), appeal from the order of the trial court which directed a verdict in favor of Defendants-Appellees, Michael and Julie Stallard ("Defendants"). For the reasons set forth below, we reverse and remand for additional proceedings consistent with this opinion.
 {¶ 2} The Plaintiffs commenced this action against Defendants on March 21, 2002. Plaintiffs are the owners of residential property adjacent to residential property owned by the Defendants. In the Complaint, Plaintiffs alleged that Defendants trespassed upon the Plaintiffs' property via the location on Plaintiffs' real estate of an electrical transformer and underground utility lines.
 {¶ 3} Defendants answered the Plaintiffs' Complaint and included a counterclaim and third-party complaint naming Cleveland Electric Illuminating Company ("CEI") and Nicholas Kugler and Kugler Homes, the builder of the Defendants' home. CEI filed a counterclaim against the Plaintiffs and a cross-claim against the other third party defendant. CEI later dismissed Nicholas Kugler and Kugler Homes and the trial court granted default judgment against Nicholas Kugler and Kugler Homes in favor of Defendants.
 {¶ 4} The trial of this matter commenced on August 27, 2004 in Berea Municipal Court. At trial, Plaintiffs presented damage estimates of the cost to relocate the underground utility lines and restore the land, as well as evidence respecting lost income from the property. Plaintiffs, however, did not present evidence as to the fair market value of their property either before or after the trespass. At the conclusion of Plaintiffs' case, Defendants moved for a directed verdict, which was granted by the Magistrate.
 {¶ 5} On September 1, 2004, the Magistrate issued his finding, which was subsequently adopted by the trial court.[1] It is from the trial court's granting of a directed verdict in favor of Defendants that Plaintiffs now appeal.
 {¶ 6} Plaintiffs' sole assignment of error states:
 {¶ 7} "The Trial Court erred by directing a verdict in favor of defendants."
 {¶ 8} In their only assignment of error, Plaintiffs assert that the trial court should not have precluded their recovery based upon their failure to present evidence of diminution in the value of their land as a result of the Defendants' trespass upon their residential property. Specifically, Plaintiffs contend that the proper measure of damages for a trespass upon residential property is the cost of restoring the land, not its diminution in value. Therefore, Plaintiffs maintain, they should still recover the restoration costs absent evidence of the difference in market value.
 {¶ 9} We conduct a de novo review in order to determine whether the trial court properly entered a directed verdict. Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13, 656 N.E.2d 957; Keetonv. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405, 409,648 N.E.2d 856.
 {¶ 10} The motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982), 1 Ohio St.3d 184, 1 Ohio B. 213,438 N.E.2d 890; Limited Stores, Inc. v. Pan Am. World Airways, Inc.,65 Ohio St.3d 66, 1992-Ohio-116, 600 N.E.2d 1027. The motion does not test the weight of the evidence or the credibility of witnesses. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69, 430 N.E.2d 935. Rather, it involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990), 66 Ohio App.3d 693,695, 586 N.E.2d 141.
 {¶ 11} A motion for a directed verdict is properly granted when the party opposing it has failed to adduce any evidence on one or more essential elements of this claim. Id.; Cooper v. Grace Baptist Church
(1992), 81 Ohio App.3d 728, 734, 612 N.E.2d 357. However, where there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v. A.B.C. Motor CourtHotel, Inc. (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334, 338.
 {¶ 12} "A trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue * * *." Linleyv. DeMoss (1992), 83 Ohio App.3d 594, 598, 615 N.E.2d 631. See, also, Chance v. BP Chem., Inc. (1996), 77 Ohio St.3d 17, 24,670 N.E.2d 985. A trespasser is only liable if his trespass proximately caused the damages. Allstate Fire Ins. Co. v. Singler (1968),14 Ohio St.2d 27, 29, 236 N.E.2d 79.
 {¶ 13} In the instant action, we find that the injury resulting from the alleged trespass in this case was permanent in nature. As the Magistrate stated in his findings, the injury "will exist indefinitely and require the expenditure of time, effort and money to restore the property to its original condition."
 {¶ 14} The general rule regarding damages for a permanent trespass was set forth in Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238, paragraph 5 of syllabus, which states: "* * * If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such costs of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure."
 {¶ 15} This rule, however, "is not an arbitrary or exact formula to be applied in every case without regard to whether its application would compensate the injured party fully for losses which are the proximate result of the wrongdoer's conduct." Thatcher v. Lane Constr. Co. (1970),21 Ohio App.2d 41, 48, 254 N.E.2d 703. Instead, in an action for compensatory damages for damage to residential property, we find persuasive the rule proscribed in Restatement of Law 2d, Torts (1979), section 929, which states in its entirety:
 {¶ 16} "(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
 {¶ 17} "(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
 {¶ 18} "(b) the loss of use of the land, and
 {¶ 19} "(c) discomfort and annoyance to him as an occupant.
 {¶ 20} "(2) If a thing attached to the land but severable from it is damaged, he may at his election recover the loss in value to the thing instead of the damage to the land as a whole."
 {¶ 21} The comments to this section of the Restatement indicate that: "b. Restoration. Even in the absence of value arising from personal use, the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery. * * * If, however, the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unlessthere is a reason personal to the owner for restoring the originalcondition, damages are measured only by the difference between the value of the land before and after the harm. * * *" (emphasis added.)
 {¶ 22} A number of courts have held that an owner is not limited to the diminution in value of the property and instead may recover the reasonable costs of restoration to the property when the real estate is used for residential purposes, when the owner has personal reasons for seeking restoration, and when the diminution in fair market value does not adequately compensate the owner for the injury. Apel v. Katz,83 Ohio St.3d 11, 1998-Ohio-420, 697 N.E.2d 600; Adcock v. RollinsProtective Serv. Co. (1981), 1 Ohio App.3d 160, 440 N.E.2d 548;Thatcher, supra. See, also, Francis Corp. v. Sun Corp. (Dec. 23, 1999), Cuyahoga App. No. 74966 (holding that where an owner is required by law to repair the property, restoration costs are an appropriate measure of damages, regardless of the diminution in value of the property).
 {¶ 23} More specifically, in Denoyer v. Lamb (1984),22 Ohio App.3d 136, 138, 490 N.E.2d 615, the court held "when the owner intends to use the property for a residence or for recreation or for both, according to his personal tastes and wishes, the owner is not limited to the diminution in value (difference in value of the whole property before and after the damage) * * *. He may recover as damages the cost of reasonable restoration of his property to its preexisting condition or to a condition as close as reasonably feasible, without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a reasonable period of time."
 {¶ 24} In Thatcher, supra, the court reiterated the principle behind these decisions:
 {¶ 25} "* * * An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like may be very important to him * * * and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated, and yet * * * the disturbance of that arrangement, therefore, might not impair the general market value. * * * The owner of property has a right to hold it for his own use as well as to hold it for sale, and if he has elected the former he should be compensated for an injury wrongfully done him in that respect, although that injury might be unappreciable to one holding the same premises for purposes of sale. * * *" Id. at 46, quoting Gilman v. Brown (1902), 115 Wis. 1, 91 N.W. 227.
 {¶ 26} Usually, evidence regarding the diminution in value is needed to determine the reasonableness of the restoration costs. Shell Oil Co.v. Huttenbauer Land Co. (1977), 118 Ohio App.3d 714, 721 n. 7,693 N.E.2d 1168, citing Thatcher, supra. Failure to present such evidence, however, is not necessarily fatal to a claim in tort for damages to real property. Apel, supra. Where, as here, the owner intends to use his residential property according to his own personal preference, restoration costs are an appropriate measure of damages, regardless of the effect of the diminution in market value. See FrancisCorp., supra. Accordingly, the trial court erred by directing a verdict in favor of Defendants. Plaintiffs' sole assignment of error is sustained and the case is reversed and remanded for additional proceedings consistent with this opinion.
Judgment reversed and cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., concurs.
 Gallagher, J., concurs in part and dissents in part (see attachedconcurring and dissenting opinion)
 CONCURRING AND DISSENTING OPINION
[1] We note the court had previously entered default judgment against Nicholas Kugler and Kugler Homes and in favor of Defendant without determining damages. See Jones v. Robinson (Jan. 7, 2000), Montgomery App. No. 17914 (there must be a determination of damages before a default judgment constitutes a final appealable order.) While such ruling is not a final appealable order, the court's subsequent entry of a directed verdict in favor of defendant has rendered this issue moot. See Gen.Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St. 3d 17, 21,540 N.E.2d 266 ("Even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable.")