[Cite as *Tabbaa v. Lexpro, L.L.C.*, 2020-Ohio-5514.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MOHAMMAD TABBAA,  :

    Plaintiff-Appellant,  :

                         Nos. 109690 and 109691

    v.  :

LEXPRO, L.L.C., ET AL.,  :

    Defendants-Appellees.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  December 3, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926735

---

## *Appearances:*

Michael Drain, *for appellant.*

RaslanPLA & Company, L.L.C., Erika Molnar, and Nadia R. Zaiem *for appellee* Lexpro, L.L.C.

Law Office of David Ledman and David Ledman for *appellees* Lila and Fares Raslan.

SEAN C. GALLAGHER, J.:

{¶ 1} Mohammad Tabbaa appeals the dismissal of his declaratory judgment action advanced against Lexpro, L.L.C. ("Lexpro"), and Lila and Fares Raslan ("Raslans"). For the following reasons, we affirm.

{¶ 2} In 2008, two judgments were entered against Tabbaa and the Raslans in separate actions in the Cuyahoga County Court of Common Pleas — *Natl. City Bank v. Kay Properties L.L.C., et al.*, Cuyahoga C.P. No. CV-08-677951 (Dec. 3, 2008), and *Natl. City Bank v. Luna M. Tabbaa, et al.*, Cuyahoga C.P. No. CV-08-676689 (Dec. 3, 2008) — both of which were based on an outstanding mortgage debt totaling nearly $800,000. The resulting judgments were ultimately assigned to Lexpro sometime in 2011, and the pertinent judgment liens were filed in 2012. According to the allegations in the complaint, Lexpro released the Raslans from the judgment debt shortly thereafter, although that fact is disputed, and Lexpro proceeded to execute on the judgment as against Tabbaa. Lexpro has been pursuing "extraterritorial collections measures outside the United States against property or properties believed to belong to [Tabbaa] in Jordan" in order to satisfy the outstanding judgments that were entered jointly and severally against Tabbaa and the Raslans.

{¶ 3} Tabbaa initiated the underlying action seeking a declaration that Lexpro's attempts to execute on the judgment liens were illegal because Lexpro is currently attempting to execute on property not located in Ohio or, in the alternative, because the judgments had become dormant under Ohio law — despite

the alleged fact that Lexpro is actively engaging in proceedings in aid of execution. R.C. 2329.07(B) (a judgment becomes dormant unless a proceeding in aid of execution is commenced or ongoing); 62 Ohio Jurisprudence 3d, Judgments, Section 137 (providing an example that a judgment entered in another state was not dormant when the judgment creditor filed a judgment lien and writ of execution in Ohio within five years of the judgment). In addition, Tabbaa claimed that because Lexpro allegedly released the Raslans from their debt, it was required to release Tabbaa from his portion as well, and therefore, the proceedings in aid of execution were invalid.[1] And finally, Tabbaa sought a declaration that he had the right of contribution from the Raslans should he be forced to pay any portion of the judgment in excess of his rightful share. In separate entries, the trial court dismissed all claims under Civ.R. 12(B)(6), which provides for a dismissal of allegations for the failure to state a claim upon which relief can be granted. This timely appeal followed.

{¶ 4} In this appeal, Tabbaa argues that the trial court erred by granting the motion to dismiss under Civ.R. 12(B)(6) because affirmative defenses, such as the statute of frauds, cannot be tested through a motion to dismiss and the facts of the

---

[1] It appears that Tabbaa is confusing full satisfaction of a judgment with a release based on partial payment. In general, "[s]atisfaction of a judgment against one of several obligors is a bar to an action against the others for the same debt or obligation." 63 Ohio Jurisprudence, Judgments, Section 582; *see also In re Miamisburg Train Derailment Litigation*, 132 Ohio App.3d 571, 582, 725 N.E.2d 738 (2d Dist.1999). However, the general rule is dependent upon the judgment being satisfied in full. Until the judgment has been satisfied, the judgment creditor may execute upon the judgment. There are no allegations that the judgment has been satisfied such to release Tabbaa from any liability.

complaint must be accepted in the light most favorable to the plaintiff.  Tabbaa also asks this court to recognize that the two judgments issued in separate cases were dormant because more than five years had passed, and thus, the trial court erred in dismissing the action for declaratory relief.  Tabbaa's arguments are misplaced.  There are no affirmative defenses being raised, especially one related to the statute of frauds that would be irrelevant to the collection of a judgment debt.  And because Tabbaa's complaint alleges the existence of an ongoing proceeding to attach property in satisfaction of the judgments assigned to Lexpro, it cannot be concluded that the judgments have become dormant.  R.C. 2329.07(B) (a judgment becomes dormant unless a proceeding in aid of execution is commenced or ongoing).  The more pertinent question in this case is whether the trial court has authority to grant the declaratory relief sought — an issue that Tabbaa has largely avoided.

{¶ 5}  "A declaratory judgment action is a creature of statute" as set forth under Revised Code Sections 2721.01 through 2721.15.  *Galloway v. Horkulic*, 7th Dist. Jefferson No. 02 JE 52, 2003-Ohio-5145, ¶ 21.  R.C. 2721.03 expressly provides as follows:

> A person interested *under a deed, will, written contract, or other writing* constituting a contract * * * may have determined any question of *construction or validity arising under the instrument*, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

(Emphasis added.)  *Id.*; *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202, 204, 1997-Ohio-346, 685 N.E.2d 522.  A court may declare such

rights, status, or other legal relations whether or not further relief could be claimed. R.C. 2721.02(A). Declaratory relief is merely in the alternative to other remedies. *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 135, 554 N.E.2d 1324 (1990) (concluding that a declaratory action will not be considered where another remedy exists). In order to properly plead a complaint seeking declaratory relief, the plaintiff must demonstrate that (1) the action is within the scope of the Declaratory Judgment Act; (2) a justiciable controversy exists between adverse parties; and (3) speedy relief is necessary to preserve rights that may otherwise be impaired. *Freedom Rd. Found.* at 204. A complaint seeking declaratory relief under R.C. Chapter 2721 must be dismissed where it does not meet any of those requirements. *Horkulic* at ¶ 24; *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 76 (a declaration of venue is not within the scope of the declaratory judgment statute).

{¶ 6} In this case, Tabbaa's request for declaratory relief against Lexpro is improper. Essentially, Tabbaa is seeking to invalidate proceedings in aid of execution that are ongoing in another jurisdiction, according to the allegations of the complaint. Such a request is beyond the scope of the Declaratory Judgment Act. None of the allegations in the complaint against Lexpro seek a determination as to the construction or validity of an "instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise" and fails to include any request to "obtain a declaration of rights, status, or other legal relations under" a "deed, will, written contract, or other writing constituting a contract" as authorized under R.C.

2721.03. *See, e.g., Lima Mem. Hosp. v. Dardio*, 3d Dist. Allen No. 1-95-38, 1995 Ohio App. LEXIS 4809, 1 (Oct. 18, 1995) (declaratory judgment action instituted to challenge the constitutionality of the statute under which a proceeding in garnishment was ongoing). Instead, Tabbaa sought a declaration to invalidate extraterritorial proceedings to execute on property located in another country that were initiated based on judgment liens filed in separate proceedings. In essence, Tabbaa is attempting to collaterally challenge the final judgment rendered in separate cases and the ensuing attempts to execute upon such judgments.

{¶ 7} It is well settled that "[c]ollateral attacks of final judgments are disfavored and succeed only in limited situations—fraud or lack of jurisdiction." *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 34, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22-23. A declaratory judgment action filed under R.C. Chapter 2721 cannot be used to collaterally attack the validity of the judgment rendered by another court. Tabbaa's requested relief — seeking to declare the judgment lien to be invalid based on the dormancy of the judgment or to attack the execution proceedings that have occurred outside of Ohio — is an impermissible, collateral attack on another court's proceedings and judgments. Further, because Tabbaa's action against Lexpro is not within the scope of the Declaratory Judgment Act, the trial court did not err in dismissing the complaint as against Lexpro.

{¶ 8} And finally, with respect to the claims advanced against the Raslans, Tabbaa has not asserted facts demonstrating the existence of a justiciable

controversy that exists between the adverse parties. The sole allegation against the Raslans in the complaint is limited to a declaration that Tabbaa be granted a right to contribution from the Raslans "*in the event* any property of [Tabbaa's] is attached" by Lexpro. (Emphasis added.) Generally in Ohio, a "claim is not ripe if it depends on 'future events that may not occur as anticipated, or may not occur at all.'" *Kalnasy v. MetroHealth Med. Ctr.*, 8th Dist. Cuyahoga No. 90211, 2008-Ohio-3035, ¶ 5, quoting *Texas v. U.S.*, 523 U.S. 296, 140 L.Ed.2d. 406, 118 S.Ct. 1257 (1998); *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4 (10th Dist.); *see also Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26 (declaratory judgment action is not well pleaded when it relies on the allegation of a future event that may never occur). The allegations in the complaint are contingent on the possibility of a future event that may never occur. There are no allegations that Tabbaa has paid any portion of the judgment, much less more than his share of the judgment entered against him and the Raslans. A declaratory judgment action cannot be used to obtain a judgment that is advisory in nature or based on an abstract question or a hypothetical statement of facts. *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37, 303 N.E.2d 871 (1973).

{¶ 9} The allegations against the Raslans are limited to the existence of a potential controversy should Tabbaa pay more than his share of the judgment debts. That event may or may not occur. Tabbaa claims that his property in Jordan is in the process of being seized, but none of the allegations in the complaint demonstrate that the property has been seized and is in excess of his share of the judgment debt.

Accordingly, that allegation is insufficient to create a justiciable controversy for the purposes of properly pleading the claim for declaratory relief against the Raslans. The trial court did not err in dismissing the declaratory relief action as against the Raslans.

**{¶ 10}** Having resolved the merits of the appeal, we must briefly address the request for sanctions accompanying Lexpro's appellate briefing in accordance with App.R. 23 and Loc.App.R. 23(A). An appeal is frivolous if it presents no reasonable question for review, is prosecuted for delay, harassment, or any other improper purpose. *Cleveland v. FOP*, 2017-Ohio-9174, 103 N.E.3d 235, ¶ 31 (8th Dist.), citing *State v. G.D.*, 8th Dist. Cuyahoga Nos. 104317 and 104328, 2016-Ohio-814, ¶ 258; Loc.App.R. 23(A). Further, and although Loc.App.R. 23 provides for the award of sanctions upon the finding of frivolity, before awarding sanctions we "must consider 'whether the attorney or pro se party who signed the document: (1) read it; (2) to the best of his knowledge, had good grounds for filing it; and (3) did not file it for the purpose of delaying the proceedings'" or for some other nefarious purpose. *E. Cleveland v. Dailey*, 8th Dist. Cuyahoga No. 108873, 2019-Ohio-4267, ¶ 15, citing *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, and E-17-070, 2018-Ohio-1973, ¶ 25, and *Bergman v. Genoa Banking Co.*, 6th Dist. Ottawa No. OT-14-019, 2015-Ohio-2797, ¶ 33. Thus, it has been concluded that under Loc.App.R. 23, "[s]anctions are proper only for willful, bad faith violations of Civ.R. 11—not merely negligent ones." *Id.*, citing *State ex rel. Bardwell v. Cuyahoga Cty.*

*Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 8; *Gallagher v. AMVETS*, 6th Dist. Erie No. E-09-008, 2009-Ohio-6348, ¶ 33.

{¶ 11} Lexpro contends that Tabbaa's appeal is not reasonably grounded in fact because he and his attorney were aware of the ongoing litigation in Jordan for over eight years. Lexpro also argues that there is no good faith basis in law from which to appeal the trial court's decision and that executing on judgments in foreign jurisdictions is permissible. It is claimed that Tabbaa's current appeal is meant to delay the proceedings that are occurring in Jordan meant to attach and sell certain real property in an effort to collect on the outstanding judgment. Even if we were inclined to agree with Lexpro's position on the issue of frivolity, there is no willful misconduct apparent from the record. Tabbaa attempted to challenge the collections proceedings through a declaratory judgment action. Although we have concluded that such an action is beyond the scope of the Declaratory Judgment Act, Lexpro has not provided any citations to authority directly refuting Tabbaa's claims. Instead, Lexpro's brief addresses the merits of Tabbaa's appellate arguments. Accordingly, even if we concluded that Tabbaa's legal arguments were misguided and legally incorrect, none of the arguments rise to the level of frivolity, much less accompanied with the requisite willful misconduct. The motion for sanctions is denied.

{¶ 12} The decision of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., AND
LARRY A. JONES, SR., J., CONCUR