[Cite as *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 2021-Ohio-2309.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

OLIVE OIL, L.L.C., :

    Plaintiff-Appellant/Cross- :
Appellee,

                    :       No. 109553

    v.

                    :

CLEVELAND ELECTRIC
ILLUMINATING CO., ET AL., :

                    :

    Defendants-Appellees/
Cross-Appellants. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
            IN PART; REMANDED
**RELEASED AND JOURNALIZED:** July 8, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-912282

---

## *Appearances:*

Law Office of Matthew S. Romano, L.L.C., and Matthew S.
Romano, *for appellant.*

Calfee, Halter & Griswold, L.L.P., Lindsey E. Sacher,
Anthony Stringer, and Thomas I. Michals *for
appellee/cross-appellant*, The Cleveland Electric
Illuminating Co.

Weston Hurd L.L.P., and Cornelius J. O'Sullivan, *for appellees*, Independence Construction L.L.C., Independence Excavating, Inc., and Front Street Group L.L.C.

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant/cross-appellee, Olive Oil, L.L.C., appeals from judgments rendered against it by the Cuyahoga County Court of Common Pleas. After the 2017 replacement of power lines over a portion of Olive Oil's property, Olive Oil brought various claims against the Cleveland Electric Illuminating Company ("CEI"), Independence Excavating, Inc. ("IE"), Independence Construction, L.L.C. ("IC") and Front Street Group, L.L.C. For the reasons that follow, we affirm in part, reverse in part and remand.

I. Background

{¶ 2} Since 2016, Olive Oil has owned the property located at 130 Front Street in Berea, Ohio. The property includes storefronts and residential housing. It also includes a parking lot along the east side of the property. Olive Oil is the landlord and collects rents from the tenants. Mike Gantous is the sole owner of Olive Oil. One tenant is Mike's Bar & Grill, a restaurant that Gantous owns by way of another company, J.A.M.S., L.L.C. Olive Oil is the only plaintiff in this action, neither Gantous nor J.A.M.S. are a party to this case.

{¶ 3} The parking lot is bordered on the east by West Street and on the south by School Street. Since at least 1987, and until 2017, CEI ran power lines over

the southeast corner of the parking lot, between a pole on West Street and a pole on the south side of School Street ("old wires").

{¶ 4} In 2017, because of a development project involving the other defendants, CEI moved the pole from the south side of School Street to the public right-of-way on the north side of the street. Moving the pole across the street caused the wires strung between it and the pole on West Street ("new wires") to occupy a larger portion of space over Olive Oil's parking lot. There was expert testimony presented at trial that the path of the new wires was within 20 feet of the path of the old wires. Gantous did not consent to having the new wires span over his property and litigation ensued.

{¶ 5} The case proceeded to a jury trial. Olive Oil and all of the defendants presented their cases. However, the court disposed of all claims through directed verdicts prior to charging the jury.

{¶ 6} Relevant to this appeal, the trial court granted directed verdicts on Olive Oil's trespass and civil conspiracy claims as well as its statutory claim pursuant to R.C. 2307.60 and 2307.61. The trial court also dismissed Olive Oil's declaratory judgment claim pursuant to Civ.R. 41(B) for failure to prosecute. This appeal follows.

**Assignments of Error**

{¶ 7} Olive Oil asserts six assignments of error for review:

1. The Trial Court's Denial of Plaintiff-Appellant Olive Oil LLC's ("Olive Oil") Motion for Partial Summary Judgment is Reversible Error.

2. The Trial Court's Civ. R. 41(B)(1) Dismissal of Olive Oil's Declaratory Judgment Claim is Reversible Error.

3. The Trial Court's Refusal to Permit Olive Oil's Owner to Testify on the Diminution in Property Value is Reversible Error.

4. The Trial Court's Directed Verdict Dismissing Olive Oil's Trespass Claim is Reversible Error.

5. The Trial Court's Directed Verdict Dismissing Olive Oil's Claim for Violations of R.C. 2307.60 and 2307.61(A)(1) is Reversible Error.

6. The Trial Court's Directed Verdict Dismissing Olive Oil's Civil Conspiracy Claim is Reversible Error.

{¶ 8} CEI has cross-appealed and asserted five of its own assignments of error for review:

1. The Trial Court Should Have Granted Summary Judgment in CEI's Favor on Olive Oil's Trespass Claim Because CEI Presented Undisputed Evidence That It Had a Right Relocate the New Wires Over the Property.

2. The Trial Court Should Have Granted Summary Judgment in CEI's Favor on Olive Oil's "Civil Theft" Claim and Request for Liquidated Damages Pursuant to R.C. 2307.60 and 2307.61.

3. The Trial Court Should Have Granted Summary Judgment in CEI's Favor on Olive Oil's Civil Conspiracy Claim.

4. The Trial Court Should Have Granted Summary Judgment in CEI's Favor on Olive Oil's Declaratory Judgment Claim.

5. The Trial Court Should Have Granted Summary Judgment in CEI's Favor on Olive Oil's Requests for Punitive Damages and Attorney's Fees.

{¶ 9} We address the assignments of error in an order and manner that aids our analysis.

## II. Analysis

## A. Directed Verdict for Trespass Claim

{¶ 10} In its fourth assignment of error, Olive Oil argues that granting a directed verdict on its trespass claim was reversible error. In this assignment of error, Olive Oil confines its argument to CEI.

{¶ 11} A trial court should grant a motion for directed verdict when "after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4); *Krofta v. Stallard*, 8th Dist. Cuyahoga No. 85369, 2005-Ohio-3720, ¶ 10. A motion for directed verdict does not test witness credibility or the weight of the evidence. *Krofta* at ¶ 10. The motion instead tests "the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact." *Id.* A trial court properly grants a motion for directed verdict where the party opposing the motion fails to adduce any evidence of at least one essential element of the claim. *Id.* at ¶ 11. We review de novo whether the trial court properly entered a directed verdict. *Id.* at ¶ 9.

{¶ 12} "Trespass is an unlawful entry upon the property of another." *Chance v. BP Chems., Inc.*, 77 Ohio St.3d 17, 24, 670 N.E.2d 985 (1996), citing *Keesecker v. G.M. McKelvey Co.*, 141 Ohio St. 162, 166, 47 N.E.2d 211, 214 (1943). "Thus, the elements of trespass are '(1) an unauthorized intentional act, and (2) entry upon land in the possession of another.'" *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287,

2021-Ohio-206, ¶ 69, quoting *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 716, 622 N.E.2d 1153 (4th Dist.1993). The plaintiff bears the burden of proving all elements of a trespass claim. *Chance* at 23.

{¶ 13} "[A] showing of trespass entitles a plaintiff to at least nominal damages." *Misseldine v. Corporate Investigative Servs.*, 8th Dist. Cuyahoga No. 81771, 2003-Ohio-2740, ¶ 31, citing *Lamberjack v. Gyde*, 6th Dist. Ottawa No. 92-OT-034, 1993 Ohio App. LEXIS 5528 (Nov. 13, 1993); *see also Lacey v. Laird*, 166 Ohio St. 12, 12, 139 N.E.2d 25 (1956), paragraph two of the syllabus ("'Nominal damages' are those recoverable a legal right is to be vindicated against an invasion thereof which has produced no actual loss of any kind, or where, from the nature of the case, some injury has been done, the extent of which the evidence fails to show."). In order for a plaintiff to be entitled to actual damages, "'the plaintiff must prove that the that the trespass proximately caused that for which compensation is sought and the amount of those damages.'" *Id.*, quoting *Lamberjack* at 19-20; see also *Krofta* at ¶12 ("A trespasser is only liable if his trespass proximately caused the damages.").

{¶ 14} Here, the trial court granted a directed verdict on Olive Oil's trespass claim, explaining that its reason for doing so was that Olive Oil failed to prove damages:

> [T]he plaintiff's complaint is one of tort. And tort, you must show damages, that is an element of the tort. If you don't show damages, then unfortunately you cannot prevail.

So as to trespass, permanent and temporary, defendants' Rule 50 motion is hereby granted.

{¶ 15} It was error for the trial court to dismiss the trespass claim on the basis that Olive Oil failed to establish damages. While we agree that Olive Oil failed to establish that it was actually damaged by the new wires, trespass is established where a defendant enters onto another's property without authorization. *See Chance,* 77 Ohio St.3d at 24, 670 N.E.2d 985; *see also Misseldine* at ¶ 26 (trespass can be established by the invasion of the airspace above another's property). Here, there was evidence presented that CEI trespassed on Olive Oil's property without Olive Oil's permission.

{¶ 16} Nevertheless, there was also evidence presented that CEI acquired a prescriptive easement for the old wires running over Olive Oil's property. "A party claiming a prescriptive easement has the burden of proving a use of the property that is: (1) open; (2) notorious; (3) adverse to the neighbor's property rights; (4) continuous; and (5) at least 21 years in duration." *Harris v. Dayton Power & Light Co.*, 2016-Ohio-517, 56 N.E.3d 399, ¶ 18 (2d Dist.); *see also J. F. Gioia, Inc. v. Cardinal Am. Corp.*, 23 Ohio App.3d 33, 37, 491 N.E.2d 325 (8th Dist.1985) ("The party claiming a prescriptive easement has the burden of proving each of those elements."). Moreover, there was evidence presented that that the new wires, although not tracing the precise path of the old, nevertheless fell within that prescriptive easement.

{¶ 17} However, there was no determination whether a prescriptive easement existed for the old wires and there was no determination of the dimensions of any such easement. *See Kattelman vs. Young Men's Christian Assn.*, 1st Dist. Hamilton No. C-810947, 1982 Ohio App. LEXIS 13005, 3 (Oct. 27, 1982), citing *Pavey v. Vance*, 56 Ohio St. 162, 46 N.E. 898 (1897) ("[T]he dimensions of an easement acquired by prescription are determined by actual use during the prescriptive period."). Further, there was no determination whether the path of the new wires impermissibly exceeded the scope of any existing easement. *See Kattelman* at 5, citing *Gibbens v. Weisshaupt*, 98 Idaho 633, 570 P.2d 870 (1977) ("[The] use cannot be so substantially altered or enlarged that the nature, character and burden thereof create a new and different servitude.").

{¶ 18} We, therefore, sustain the assignment of error and remand for determinations of whether CEI acquired a prescriptive easement, whether the new wires impermissibly exceed the scope of any such easement and thereby constitute a trespass on Olive Oil's property and if so, the measure of damages that result from the trespass.

**B. Directed Verdict for Civil Conspiracy Claim**

{¶ 19} In its sixth assignment of error, Olive Oil argues that the trial court erred by granting a directed verdict on its civil conspiracy claim.

{¶ 20} "Civil conspiracy is 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" *Maddox Defense, Inc. v. GeoData Sys. Mgmt.*, 2019-

Ohio-1778, 135 N.E.3d 1212, ¶ 47 (8th Dist.), quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640 (1987). "An action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed." *Williams v. United States Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008-Ohio-1414, ¶ 16, citing *Gosden v. Louis*, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (9th Dist.1996).

{¶ 21} Olive Oil asserts that the trial court concluded that it proved that there was a "malicious combination" involving "two or more persons," but that it failed to prove damages. A review of the record reflects that the trial court made no such affirmative findings; however, Olive Oil is correct to the extent the court granted a directed verdict on the conspiracy claim after finding no evidence of damages.

{¶ 22} Olive Oil claims that "[t]here was overwhelming evidence presented at trial and in the record that Independence Construction and CEI conspired to commit harm to Olive Oil," but fails to actually identify any such evidence. This does not satisfy Olive Oil's obligation under App.R. 16(A)(7). An appellate court is not obliged to construct or develop arguments in support of an assignment of error where the appellant has otherwise failed to do so. *V.C. v. O.C.*, 8th Dist. Cuyahoga No. 109988, 2021-Ohio-1491, ¶ 89; *see also State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91, quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19 ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'"); App.R. 12(A)(2). "If an argument exists that can support this assigned error, it is not this court's duty to

root it out." *V.C.* at ¶ 89, quoting *Strauss v. Strauss*, 8th Dist. Cuyahoga No. 95377, 2011-Ohio-3831, ¶ 72.

{¶ 23} More specifically, we observe that Olive Oil makes no argument as to how the trial court erred by finding no evidence of actual damages. Specifically, Olive Oil fails to identify any evidence in the record establishing actual damages.[1]

{¶ 24} Accordingly, regardless of whether Olive Oil has a viable trespass claim and is therefore entitled to nominal damages, its failure to prove actual damages is fatal to its civil conspiracy. *See Gosden*, 116 Ohio App.3d at 220, 687 N.E.2d 481, citing *Minarik v. Nagy*, 8 Ohio App.2d 194, 195-96, 193 N.E.2d 280 (8th Dist.1963) ("The element of 'resulting in actual damages' means that, if a plaintiff suffers no actual damages from the underlying unlawful act, there can be no successful civil conspiracy action."); *see also Ogle v. Hocking Cty.*, 4th Dist. Hocking No. 14CA3, 2014-Ohio-5422, ¶ 39 ("[T]here must be actual damages attributable to the conspiracy in addition to those damages caused by the underlying tort in order for the plaintiff to recover from the conspiracy.").

{¶ 25} Accordingly, we overrule Olive Oil's sixth assignment of error.

---

[1] We note that Gantous testified that the monetary damage he suffered as the result of the new wires was "[h]ow much I paid for the whole property and all the improvements I put in there." Although Olive Oil does not cite this as evidence of actual damages, and we agree that it is not, we nevertheless mention it here because that statement is more fully addressed in a subsequent assignment of error.

## C. Directed Verdict for R.C. 2307.60 and 2307.61 Claim

{¶ 26} In its fifth assignment of error, Olive Oil argues that the trial court erred by granting a directed verdict on its R.C. 2307.60 and 2307.61(A)(1) claim. Olive Oil confines this argument to CEI.

{¶ 27} The trial court granted a directed verdict as to Olive Oil's R.C. 2307.60 and 2307.61 claims based on a finding that there were no damages.

{¶ 28} R.C. 2307.60 provides a mechanism for civil recovery following criminal acts for "[a]nyone injured in person or property by a criminal act." R.C. 2307.60(A). R.C. 2307.61 is applicable where a property owner brings a civil action pursuant to R.C. 2307.60(A) to recover from a person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 that involves the owner's property. R.C. 2307.61(A).

{¶ 29} Here, Olive Oil failed to identify any evidence in the record in support of its R.C. 2307.60 and 2307.61 claims. Olive Oil failed to offer any basis by which we can conclude that CEI committed a criminal act that injured Olive Oil in person or property as required by R.C. 2307.60. Similarly, Olive Oil failed to offer any basis by which we can conclude that CEI willfully damaged its property or committed a theft offense as required by R.C. 2307.61. Aside from citation to these statutes, as well as the criminal theft and trespass statutes, Olive Oil has offered no authority demonstrating it is entitled to judgment on this claim or that that the trial court erred by granting a directed verdict as to this claim.

{¶ 30} Instead, Olive Oil offers the unsupported conclusion that "CEI's conduct was both a criminal trespass * * * and a criminal theft * * *." Merely concluding that conduct was criminal does not make it so. More to the point, it does not satisfy Olive Oil's obligation under App.R. 16(A)(7). As stated in the previous assignment of error, this court will not construct or develop arguments for a party that has failed to do so itself. *See V.C.* at 89.

{¶ 31} We overrule this assignment of error.

## D. Civ.R. 41(B)(1) Dismissal of Declaratory Judgment Claim

{¶ 32} In its second assignment of error, Olive Oil argues that the trial court's dismissal of its declaratory judgment claim pursuant to Civ.R. 41(B) is reversible error.

{¶ 33} Civ.R. 41(B) governs dismissals for failure to prosecute. Civ.R. 41(B)(1) provides:

> Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 34} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). As a general matter, a trial court abuses its discretion where its decision is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Where a case is dismissed with prejudice, however, appellate courts apply a heightened abuse-of-discretion standard of review. *See, e.g., Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997)

("[A]lthough reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits."); *Simmons v. Narine*, 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 7 (8th Dist.), quoting *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12 ("Because it is such a harsh sanction, 'forever deny[ing] a plaintiff a review of a claim's merits,' we review a trial court's decision to dismiss a case with prejudice pursuant to Civ.R. 41(B)(1) under a 'heightened' abuse-of-discretion standard.").

{¶ 35} Here, the trial court dismissed Olive Oil's declaratory judgment claim for lack of prosecution on the fourth and final day of trial and only after Olive Oil had rested its case. The court's stated reason for doing so was that, according to Olive Oil's counsel, Gantous "was upset over recent rulings [directed verdicts granted against Olive Oil], was sick, was tired and would not return to court." Irrespective of the fact that Olive Oil's counsel was present for the entirety of the trial and regardless of the fact that Gantous was present for Olive Oil's case-in-chief including his own direct and cross-examinations, the court dismissed the declaratory judgment claim for lack of prosecution.

{¶ 36} Under the facts of this case, we find that the trial court erred by dismissing Olive Oil's declaratory judgment claim. However, the error was harmless to the extent that the claim, itself, was outside the scope of the Declaratory Judgment Act.

{¶ 37} "'A declaratory judgment action is a creature of statute'" as set forth under Revised Code Sections 2721.01 through 2721.15. *Tabbaa v. Lexpro, L.L.C.*, 8th Dist. Cuyahoga Nos. 109690 and 109691, 2020-Ohio-5514, ¶ 5, quoting *Galloway v. Horkulic*, 7th Dist. Jefferson No. 02 JE 52, 2003-Ohio-5145, ¶ 21.

{¶ 38} "To be proper, a declaratory-judgment action must, among other things, be within the scope of the Declaratory Judgment Act." *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 76, citing *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202, 204, 685 N.E.2d 522 (1997); *see also Tabbaa* at ¶ 5 ("A complaint seeking declaratory relief under R.C. Chapter 2721 must be dismissed where it does not meet any of those requirements.").

{¶ 39} In relevant part, R.C. 2721.03 provides:

> [A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶ 40} Here, Olive Oil sought a declaratory judgment "to quiet title to Plaintiff's Property in light of the purported prescriptive easement that CEI claims to hold on Plaintiff's Property" and to "declare Plaintiff's full rights over Plaintiff's entire Property and eject CEI from the Property."

{¶ 41} As such, and for example, Olive Oil makes no claim that it is an interested party under "a deed, will, written contract, or other writing constituting a contract" pursuant to R.C. 2721.03. To the contrary, and to the extent that Olive Oil refers to the extent that a prescriptive easement exists, it underscores the lack of any written contract for the court to construe. Moreover, pursuant to R.C. 2721.03, Olive Oil made no claim that it was "affected by a constitutional provision, statute, rule * * *, municipal ordinance, township resolution, contract, or franchise" and it did not seek determination of "any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."

{¶ 42} Accordingly, the court's error in dismissing Olive Oil's declaratory judgment claim pursuant to Civ.R. 52(B) was harmless. We overrule the assignment of error.

## E. Gantous' Diminution in Value Testimony

{¶ 43} In its third assignment of error, Olive Oil argues that the trial court erred by granting a motion in limine that prevented its owner from testifying as to diminution in property value caused by the shifted location of the wires.

{¶ 44} Prior to trial, the court granted a motion in limine regarding the extent to which Gantous could testify about the property value. The court stated:

> Regarding the cost to restore the plaintiff's property, I find the plaintiff could testify to that.

The diminished value to that property, this is a little bit different because as a lay person, you really can't — I mean I can't look at my property and say oh, this happens, that's the diminished value of this.

* * * [T]he plaintiff will not be able to talk about what he believes the diminished value is.

**{¶ 45}** The trial court's order reflects that Gantous was not to testify "regarding his opinion on the diminished value of the property."

**{¶ 46}** We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Wray v. Hiironen*, 8th Dist. Cuyahoga No. 107558, 2019-Ohio-4669, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140, citing *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940).

**{¶ 47}** "Owner-opinion testimony is an estimate of the property's value and is admissible 'although the owner's knowledge on the subject is not such as would qualify him to testify if he were not the owner.'" *Cuyahoga Cty. Bd. of Commrs. v. McNamara*, 8th Dist. Cuyahoga No. 95833, 2011-Ohio-3066, ¶ 27, quoting *Smith v. Padgett*, 32 Ohio St.3d 344, 348, 513 N.E.2d 737 (1987). This "'owner-opinion' rule follows from the premise that an owner of real or personal property is 'generally quite familiar with their property and its value'" and is thus "'permitted to testify on value by virtue of their ownership alone.'" *Id.* at ¶26, quoting *Tokles & Son v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 605 N.E.2d 936 (1992).

**{¶ 48}** Moreover, courts have found that the owner-opinion rule extends to permit an owner to testify as to diminution in the property's value. *See, e.g., id.* at

¶ 2, 16, 31 (owner permitted to testify that removal of ten mature trees decreased property value by $40,000); *see, e.g., Gray v. Petronelli*, 11th Dist. Trumbull No. 2016-T-0030, 2017-Ohio-2601, ¶ 42 (homeowner permitted to testify as to property's diminished value following faulty I-beam placement); *see, e.g., Jones v. Dayton Power & Light Co.*, 2d Dist. Greene No. 94-CA-49, 1994 Ohio App. LEXIS 5608, 2-3 (Dec. 14, 1994) (owner testified that power company cutting down approximately 90 trees diminished property value by $11,000).

{¶ 49} Accordingly, the extent to which the trial court prohibited Gantous from testifying as to any diminution in property value was error. Nevertheless, in this case we find such error to be harmless because dictates of the motion in limine notwithstanding, at trial Gantous did testify about diminution in value:

> Q. Mike, how did you get damaged by having these wires go across your parking lot?
>
> A. They stole my property.
>
> Q. What would you like done about it, having these wires over your property?
>
> A. Get them off my property or pay the taxes for having them. They literally stole my property.
>
> Q. When you say ["]stole,["] what monetary damage is caused?
>
> [CEI Counsel]: Objection.
>
> The Court: Overruled.
>
> A. I don't know, I'm not an expert on that. How much I paid for the whole property and all the improvements I put in there.

The trial court subsequently attempted to clarify Gantous' position:

The Court: So he's saying he's been damaged for the entire amount?

[Olive Oil Counsel]: That's correct. I believe he's allowed to do that under the law. He's allowed to testify as to the amount of damage to him as the property owner. That's what he was doing.

{¶ 50} According to Gantous then, the presence of CEI's wires running over Olive Oil's property diminished the value of the property by $615,000, the amount of money he paid for it, i.e., $450,000, plus the amount of money he spent on improvements, i.e., $165,000. *See McNamara*, 2011-Ohio-3066, at ¶ 27, quoting *Smith*, 32 Ohio St.3d at 348 ("'[T]he weight accorded to such testimony is, of course, a matter to be determined by the trier of fact.'").

{¶ 51} We overrule this assignment of error.

## F. Motions for Summary Judgment and Partial Summary Judgment

{¶ 52} In Olive Oil's first assignment of error it argues that the trial court erred by denying its motion for partial summary judgment. Similarly, in CEI's five assignments of error, it argues that the trial court erred by denying its motion for summary judgment.

{¶ 53} In Olive Oil's motion, it argued it was entitled to summary judgment on its trespass claim because CEI could not prove it had a prescriptive easement. In CEI's motion, it argued it was entitled to summary judgment as to all of Olive Oil's claims. The trial court denied both motions, finding "genuine issues of material fact exist and that no party is entitled to judgment as a matter of law."

{¶ 54} "According to the Supreme Court of Ohio, 'the denial of a motion for summary judgment is not a point of consideration in an appeal from a final

judgment entered following a trial on the merits.'" *7471 Tyler Blvd., L.L.C., v. Titan Asphalt & Paving, Inc.*, 2020-Ohio-5304, 162 N.E.3d 851, ¶ 177 (11th Dist.), quoting *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156, 642 N.E.2d 615 (1994). "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Whittington* at syllabus; *see also McNulty v. Pls Acquisition Corp.*, 8th Dist. Cuyahoga Nos. 79025, 79125 and 79195, 2002-Ohio-7220, ¶ 95 ("Even if summary judgment should have been granted, defendants failed to show any prejudice. Where a litigant still gets his day in court, the Ohio Supreme Court has held that the principle of harmless error applies to the improper denial of a motion for summary judgment.").

{¶ 55} Here, there was a trial on the merits. Both Olive Oil and CEI presented evidence to the jury. We acknowledge that the trial court did ultimately dispose of each count before the jury could render a verdict. However, regarding both Olive Oil's and CEI's challenges to the denials of summary judgment as it pertains to the trespass claim, we have already determined that a directed verdict was inappropriately granted. Olive Oil's and CEI's challenges and arguments regarding summary judgment do not disturb our conclusion.

{¶ 56} Finally, as to CEI's remaining assignments of error, pertaining to the trial court's denial of its motion for summary judgment regarding Olive Oil's claims for civil conspiracy, declaratory judgment, punitive damages and attorney fees and

statutory claims pursuant to R.C. 2307.60 and 2307.61, we note that the trial court decided these claims in CEI's favor. Moreover, to the extent that Olive Oil has challenged these issues on appeal, we have affirmed the trial court judgment in favor of CEI.

{¶ 57} Accordingly, we overrule Olive Oil's first assignment of error and CEI's five assignments of error.

{¶ 58} Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellant/cross-appellee recover from appellee/cross-appellant CEI costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY IN PART, DISSENTING IN PART

LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY IN PART, AND DISSENTING IN PART:

{¶ 1} I concur in judgment only on all aspects of the majority opinion except the disposition, in part, of assignment of error two. I would sustain Olive Oil's second assignment of error to the extent that claim seven of the complaint brought a quiet title action.